| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>NILSON HERNANDEZ ESCOBAR, # 19004935,<br><br>        Plaintiff,<br><br>  -against-<br><br>NASSAU COUNTY CORRECTIONAL CENTER,<br>Officer that worked B3D on January 9, 2021;<br>NASSAU HEALTH CARE CORPORATION,<br><br>        Defendants.<br>-----------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>21-CV-2145(JMA)(SIL)<br>**FILED**<br>**CLERK**<br>5/28/2021 12:16 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, District Judge:**

  Before the Court is the application filed by incarcerated *pro se* plaintiff Nilson Hernandez Escobar ("plaintiff") to proceed *in forma pauperis*. See Docket Entry 6. In addition, plaintiff has filed a motion for the appointment of pro bono counsel to represent him in this case. See Docket Entry 8.

  Upon review of plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff is granted leave to file the complaint without prepayment of the filing fee and the Clerk of Court shall forward to the United States Marshal Service for the Eastern District of New York ("USMS") a copy of plaintiff's summonses, complaint, and this Order for service upon the defendants without prepayment of fees.

  However, plaintiff's application for the appointment of *pro bono* counsel is denied. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal

principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61. *See Brooks v. State of New York*, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit). Further, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Ahmad v. White Plains City School Dist.*, 18-CV-3416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020) (citing *Morris v. Moran*, 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."); *also citing Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)).

The Court has reviewed plaintiff's application together with the complaint and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that

the threshold requirement of *Hodge* is satisfied, the Court is unable, at this juncture, to conclude - - after considering the *Hodge* factors in the context of plaintiff's application and the complaint - - that the appointment of counsel is warranted. Notwithstanding the concerns raised in plaintiff's motion, he has demonstrated an ability to draft a complaint and make applications to the Court. Although plaintiff's incarceration obviously presents an obstacle for the prosecution of his case, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel. Moreover, reports that plaintiff has not taken any steps to find an attorney on his own before asking the Court to appoint *pro bono* counsel for him. This is a further reason to deny plaintiff's application. *See Ahmad*, 2020 WL 3972274, at *3 (citing *Walsh v. Buchanan*, 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.").

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application later in the litigation, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court must mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.** \_\_\_\_\_/s/ (JMA)_____
Joan M. Azrack
Dated: May 28, 2021 United States District Judge
Central Islip, New York